# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **C.M. and S.H.**

**No. 16-1185** (Marion County 14-JA-40 & 14-JA-41)

**FILED**

**June 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother C.H., by counsel Holly Wolfe Hinerman, appeals the Circuit Court of Marion County's November 18, 2016, order denying her "motion for reconsideration" of a March 11, 2016, order accepting her voluntary relinquishment of parental rights to then four-year-old C.M. and then one-year-old S.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Terri L. Tichenor, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that the relinquishment of her parental rights was voluntary and free from duress and/or fraud.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2014, the DHHR filed an abuse and neglect petition against petitioner and her boyfriend, J.H., alleging substance abuse and repeated incidents of domestic violence in the home that negatively affected her parenting.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2] We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent only minor stylistic revisions and those revisions have no impact on the Court's decision herein.

1

In September of 2014, at an adjudicatory hearing, petitioner stipulated to the allegations in the petition and agreed that she had neglected her children. Thereafter, the circuit court granted petitioner a six-month post-adjudicatory improvement period. The circuit court granted petitioner a three-month extension of her improvement period in March of 2015, but based on petitioner's failure to comply with court-ordered drug screening, therapy, and treatment, the matter was scheduled for disposition.

In September and October of 2015, the circuit court held three dispositional hearings. Petitioner was not present in person for the first two dispositional hearings, but she was represented by counsel. In October of 2015, at the third dispositional hearing, petitioner appeared and moved for an alternative disposition pursuant to West Virginia Code 49-4-604(b)(5) (permitting the appointment of a guardianship as disposition) ("Disposition 5"). Without objection by the parties, the circuit court granted petitioner's motion for a Disposition 5.

Less than one month after granting petitioner a Disposition 5, the DHHR and guardian filed a joint motion to modify that disposition. In their joint motion, the DHHR and guardian alleged that petitioner was arrested on an outstanding shoplifting warrant on October 15, 2015, and was found to possess heroin. They further alleged that petitioner was "staying" with J.H. at the time of her arrest.

The matter was scheduled for a final hearing in January of 2016. Having discussed the case with her counsel prior to the hearing, petitioner was sworn in and voluntarily relinquished her parental rights to the children. Petitioner was informed that she had no further right to the care, custody, and control of the children. Petitioner was asked whether she was threatened or promised anything in exchange for her relinquishment, and she stated that she was not. During the hearing, petitioner was specifically asked whether she understood that she had no right to visit the children and if "for any reason whatsoever you do not visit or contact [the children], that [the relinquishment] stands." Petitioner answered "[y]es." Petitioner was also informed that she had no control over who ultimately adopted the children. By order entered on March 11, 2016, the circuit court accepted petitioner's voluntary relinquishment of her parental rights. Petitioner did not directly appeal that order.

Pending an order of the circuit court on permanent placement, S.H. was placed with his maternal grandmother, and C.M. was placed with his non-offending father. Following the relinquishment hearing, the DHHR observed S.H. in the custody of petitioner and J.H. The DHHR informed the maternal grandmother that if she continued to allow petitioner or J.H. to have custody of S.H., then S.H. would be placed with another caretaker.[3] Around the same time, C.M.'s non-offending father refused to allow petitioner to visit with C.M. Thereafter, petitioner contacted the circuit court and requested a new attorney. The circuit court granted the request and appointed petitioner a new attorney.

---

[3]According to the guardian ad litem, S.H. was, indeed, later removed from his maternal grandmother's home.

2

In August of 2016, petitioner filed a "motion for reconsideration" of the March 11, 2016, order accepting her relinquishment.[4] In October of 2016, the circuit court held a hearing on that motion, and, following the hearing, the circuit court denied petitioner's motion.[5] This appeal followed.[6]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

[4]Petitioner refers to her motion as a "motion to withdraw the relinquishment," but no such motion was included in the record on appeal nor does the circuit court's docketing sheet reflect any such filing. According to the docket sheet, a "motion for reconsideration" was filed below, but that motion was also not included in the record before this Court. While failing to provide the underlying motion, petitioner included in the record a transcript from the circuit court's "reconsideration hearing" and the resulting order denying the "motion for reconsideration." This Court notes that there is no legal authority for a "motion for reconsideration" in abuse and neglect proceedings, and the Rules of Civil Procedure regarding motions to alter, amend, or seek relief from judgment do not apply to abuse and neglect proceedings. W.Va. R. Civ. P. 81(a)(7) (providing that Rules 59 and 60 of the West Virginia Rules of Civil Procedure regarding motions to alter, amend, or seek relief from judgment do not apply to abuse and neglect cases). Further, a parent whose rights were terminated may not seek to modify an order of the circuit court pursuant to Rule 46 of the West Virginia Rules of Procedure for Abuse and Neglect Proceedings. W.Va. R. Proc. Child Abuse and Neglect P. 46 (excluding person whose parental rights were terminated from filing motion for modification of judgment). As such, this Court will treat petitioner's "motion for reconsideration" as a motion made pursuant to *State ex rel Rose v. Pancake*, 209 W.Va. 188, 544 S.E.2d 403 (2001) (permitting a circuit court to hold a hearing on a former parent's motion to consider whether a voluntary relinquishment was based on fraud and/or duress).

[5]The parental rights of the children's mother were terminated. The parental rights of S.H.'s father (J.H.) were also terminated. According to the guardian, S.H. currently resides with his maternal great-grandfather with a permanency plan of adoption into that home. C.M. was placed with his non-offending father (W.M.) with a permanency plan to remain in his father's care.

[6]On appeal, petitioner does not raise an assignment of error specifically regarding the circuit court's termination of parental rights.

3

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, pursuant to West Virginia Code § 49-4-607, "[a]n agreement of a natural parent in termination of parental rights is valid if made by a duly acknowledged writing, and entered into under circumstances free from duress and fraud." In discussing this statute, we have previously stated that

> [w]hile W.Va. Code [§] 49-6-7 [now 49-4-607] specifically permits a relinquishment of parental rights, it clearly suggests that such an agreement may be invalid if it is not entered into under circumstances that are free of duress and fraud. Whether there has been fraud or duress is a question of fact that must be determined by the circuit court judge. Accordingly, we hold that under the provisions of W.Va. Code [§] 49-6-7 [now 49-4-607], a circuit court may conduct a hearing to determine whether the signing by a parent of an agreement relinquishing parental rights was free from duress and fraud.

*State ex rel. Rose L. v. Pancake*, 209 W.Va. 188, 191, 544 S.E.2d 403, 406 (2001). Upon our review, we find no error in the circuit court's ruling that petitioner's relinquishment of parental rights was free from duress and fraud.

On appeal, petitioner argues that the voluntary relinquishment of her parental rights was based on fraud or duress because she believed that she would be permitted to visit with the children after her relinquishment. However, it is clear from the record on appeal that petitioner was informed at the final hearing in January of 2016, prior to entering her relinquishment, that she had no right to visit the children thereafter and that her relinquishment was in no way conditioned upon her ability to visit or contact the children. Based upon these acknowledgements and other portions of the record, the circuit court found that petitioner understood the effects of her actions in relinquishing her parental rights and that "there is NO EVIDENCE of any fraud or duress related to the decision or offering of the voluntary relinquishment of parental rights by either [parent]." Having reviewed the record before us and the parties' arguments, we find no error in the circuit court's order denying petitioner's motion to reconsider his relinquishment based on duress or fraud. We agree with the circuit court that there is simply no evidence of fraud or duress in the record.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 18, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: June 9, 2017

4

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker